795 So.2d 1067 (2001)
STATE of Florida, Appellant,
v.
Lloyd SHANK, Appellee.
No. 4D00-2630.
District Court of Appeal of Florida, Fourth District.
September 19, 2001.
*1068 Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, *1069 Assistant Attorney General, West Palm Beach, for appellant.
Steven Wisotsky of Steven Wisotsky, P.A., Coconut Grove, for appellee, and Barry Butin, Fort Lauderdale, cooperating counsel for the ACLU of Florida.
PER CURIAM.
The State of Florida appeals the county court's dismissal of an information charging appellee with a violation of section 836.11, Florida Statutes, which prohibits publications tending to expose persons to hatred, contempt, or ridicule. The court granted appellee's motion to dismiss the information after declaring the statute facially unconstitutional as violative of the First Amendment. We affirm.
On August 23, 1999, members of the Broward County Board of Commissioners received copies of an anonymous letter in their inter-office mail. The letter included anti-Semitic comments. After admitting to a detective that he wrote the letter, appellee was arrested and charged with a violation of section 836.11. That section provides:
(1) It shall be unlawful to print, publish, distribute or cause to be printed, published or distributed by any means, or in any manner whatsoever, any publication, handbill, dodger, circular, booklet, pamphlet, leaflet, card, sticker, periodical, literature, paper or other printed material which tends to expose any individual or any religious group to hatred, contempt, ridicule or obloquy....
In a thorough and well-reasoned twenty-two-page order, the trial court concluded that this section violates the First Amendment because it is impermissibly content-based, overbroad, and vague. We agree.

Content neutrality
"The First Amendment generally prevents government from proscribing speech ... because of disapproval of the ideas expressed. Content-based regulations are presumptively invalid." R.A.V. v. City of St. Paul, Minn., 505 U.S. 377, 382, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992). "The principal inquiry in determining content neutrality ... is whether the government has adopted a regulation of speech because of disagreement with the message it conveys." Ward v. Rock Against Racism, 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989). "Government regulation of expressive activity is content neutral so long as it is `justified without reference to the content of the regulated speech.'" Id. (citing Clark v. Cmty. for Creative Non-Violence, 468 U.S. 288, 293, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984)). Even in these areas in which the government is free to regulate, such as obscenity or fighting words, it cannot make further content discrimination. See R.A.V., 505 U.S. at 382, 112 S.Ct. 2538. Therefore, even proscribable speech must be curtailed in a content-neutral fashion. Id. at 387-88, 112 S.Ct. 2538.
Section 836.11 is not content-neutral. The statute criminalizes speech based solely on content, i.e., speech that criticizes or ridicules is targeted, while other "nice" publications that praise or promote approval, admiration, or commendation are not penalized. This restriction on speech "would open the door to government favoritism and protectionism of certain topics and viewpoints and implicit censorship of disfavored ones." State v. Stalder, 630 So.2d 1072, 1075 (Fla.1994). Consequently, the statute is facially invalid, and, contrary to the state's argument, it cannot be saved by the severability doctrine. See Ray v. Mortham, 742 So.2d 1276, 1280 (Fla.1999)(explaining judicially created severability doctrine for saving constitutionally infirmed legislative enactments).

*1070 Overbreadth

We also agree with the trial court that section 836.11 is unconstitutionally overbroad. When a court is confronted with a facial challenge to a law on the ground that it is overbroad, "a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." City of Houston v. Hill, 482 U.S. 451, 458, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987). "Criminal statutes must be scrutinized with particular care; those that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application." Id. (citations omitted). Section 836.11 not only impacts proscribable speech, it also profoundly impacts speech that is clearly protected. For example, the trial court wisely noted that the statute could be construed to proscribe parodies, anonymous political cartoons, or anonymous "letters to the editor" of a local newspaper that ridicule or expose to contempt individuals who are not public figures, but are nevertheless "in the news."

Vagueness
[9, 10] It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut(s) upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of (those) freedoms." Uncertain meanings inevitably lead citizens to "steer far wider of the unlawful zone'... than if the boundaries of the forbidden areas were clearly marked."
Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (citations omitted). Section 836.11 is unconstitutionally vague because it fails to apprise a person of ordinary intelligence what would subject him or her to criminal punishment. The statute, in essence, is regulating good manners. Thus, the statute promotes arbitrary enforcement because "ridicule," "contempt," or "hatred" may arise from different situations, depending upon the recipient of the communication. Additionally, because section 836.11 abuts upon the sensitive area of the First Amendment, its vagueness operates to inhibit freedom of speech, as individuals would refrain from protected speech in order not to violate the statute.
For the above reasons, we affirm the order declaring section 836.11, Florida Statutes, unconstitutional and dismissing the information filed against appellee.
AFFIRMED.
GUNTHER, FARMER and TAYLOR, JJ., concur.